[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARYJUDGMENT]
According to the complaint, on April 27, 1989 defendant Aetna Casualty and Surety Company ("Aetna") issued to plaintiff Nicholas Perfito a policy insuring plaintiff' s dwelling house and contents against loss or damage by fire. On September 17, 1989 during the period when the policy was in effect, the dwelling house and contents thereof were destroyed by fire. The plaintiff seeks payment for his loss in accordance with the terms and conditions of the policy.
Aetna moves for summary judgment claiming that the plaintiff failed to initiate the action within one year of the date of the occurrence causing the loss. Although the loss occurred on September 17, 1989, and although the defendant denied the claim on September 12, 1990, the plaintiff commenced this action by writ, summons, and complaint dated November 1, 1990 and made returnable on December 4, 1990. Thus, he commenced suit more than thirty days after defendant's denial of his claim, and more than one year from the date of his loss.
The policy issued to the plaintiff provides that "no action shall be brought unless . . . the action is started within one year after the occurrence causing loss or damage." The policy language complies with the statutory requirements of Section 38a-307 of the Connecticut General Statutes. That section provides that the standard form of fire insurance policies in the State of Connecticut, shall include the following provision:
 "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and CT Page 5016 unless commenced within twelve months next after inception of the loss."
The plaintiff claims that defendant is estopped from asserting the one-year limitation of action.
A study of the documentation supplied by the parties clearly shows that the conduct of the defendant does not estop it from relying on the one-year limitation set forth in General Statutes §§ 38a-307 and 38a-308 or in the contract of insurance issued to the plaintiff by the defendant. Defendant continuously investigated the plaintiff's claim, rescheduled the plaintiff's Examination Under Oath a number of times pursuant to the request of the plaintiff, requested on numerous occasions that the plaintiff produce requested documents necessary to properly evaluate the plaintiff's claim, and repeatedly indicated that it continued to require full and complete compliance with all of the terms and conditions of the insurance contract and continued to reserve any and all rights and defenses, specifically including but not limited to, the right to take his Examination Under Oath. More importantly, the attorney for Aetna repeatedly indicated in each of the correspondences to plaintiff's counsel that "no waiver or estoppel of any kind is intended nor should be inferred."
Because the defendant continued to reserve all rights and reservations throughout the course of its investigation, attempted to expedite matters on numerous occasions, rescheduled the plaintiff's Examination Under Oath on numerous occasions for the plaintiff's convenience, and continuously investigated this claim throughout the eleven and one-half-month time period within which it gathered the relevant information, there is no conduct that can be found to have lulled the plaintiff into a false sense of believing that this claim could be settled without suit. The record is completely void of any evidence of any affirmative promise, statement or other act on the part of the insurer of any evidence, actual or constructive, to lead the plaintiff into believing that the insurer intended to enlarge the contractual suit limitation period. Moreover, the insured had employed an attorney at law who was engaged with the insurance company in an arms-length transaction. It was the attorney's responsibility to know as much as the insurance company about the terms and conditions of the policy which were incorporated by reference into each CT Page 5017 and every correspondence forwarded by counsel for the insured, and to understand the limitations inherent in the policy.
Accordingly, defendant's Motion for Summary Judgment is granted.
Allen, State Trial Referee